**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>    vs.<br><br>CLARENCE BECKS,<br><br>                    Defendant. | 8:18CR81<br><br>MEMORANDUM AND ORDER |

      This matter is before the Court on the Defendant's Motion for Reduction of Sentence Under 18 U.S.C. §§ 3582 and 4205(g)[1], ECF No. 33, in which he seeks relief under the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

      In Section 603 of the First Step Act, congress amended § 3582(c)(1)(A) to permit defendants to move a sentencing court for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." The Defendant has included with his Motion a "Response" to a "Request for Administrative Remedy" signed by the Warden of the Bureau of Prisons' facility in which the Defendant is housed. See ECF No. 33, Page ID 108. The Response dated May 23, 2019,[2] denies the Defendant's application for "Reduction in Sentence (RIS)/Compassionate Release." The Response also informs the Defendant of his right to "submit an appeal on the appropriate

---

[1] 18 U.S.C. § 4205(g) concerned early parole eligibility upon motion of the Bureau of Prisons and was repealed in 1984.

[2] The Response is also date-stamped May 28, 2019, and initialed, but the significance of the date stamp and initials are not apparent.

form to the Regional Director, North Central Regional Office, 400 State Avenue, Suite 800, Kansas City, Kansas 66101" within 20 calendar days from the date of the Warden's response.

In the Defendant's Motion, he makes no further reference to his exhaustion of administrative remedies other than to refer to the Warden's Response as "a lie." ECF No. 33, Page ID 104. While it is apparent that more than 30 days expired after the Warden's receipt of the Defendant's request for "Reduction in Sentence (RIS)/Compassionate Release" and the Defendant's filing of his Motion[3], the First Step Act's amendment to § 3582(c)(1)(A) appears to require a defendant to fully exhaust all administrative rights to appeal the Bureau of Prisons' failure to bring a motion for compassionate release on a defendant's behalf unless the warden of a defendant's facility fails to respond to a defendant's request within 30 days of receipt. Here, there is no allegation that the Warden at the Defendant's facility failed to respond to his request in a timely manner, and there is no evidence or allegation that the Defendant exhausted his administrative rights of appeal.

Because a court's reduction of a defendant's term of imprisonment under § 3582(c)(1)(A) is discretionary[4] this Court will not consider the Defendant's Motion for reduction of sentence until he has exhausted his administrative remedies. Nothing in this Memorandum and Order should be construed to suggest the Court has reached any

---

[3] Because the Warden's Response was dated May 23, 2019, the Defendant's application was received by the Warden on or before that date. The Defendant's Motion was filed on June 28, 2019

[4] Section 3582(c)(1)(A) provides that a court "may" reduce the term of imprisonment for extraordinary and compelling reasons.

2

conclusion regarding the constitutionality of the First Step Act's amendment to 18 U.S.C. § 3582(c)(1)(A)[5].

Accordingly,

IT IS ORDERED:

1. Defendant Clarence Becks's Motion for Reduction of Sentence under 18 U.S.C. 3582 and 4205(g), ECF No. 33, is denied as follows:

    a. The Motion under 18 U.S.C. § 3582 is denied without prejudice to resubmission following exhaustion of his administrative remedies;

    b. The Motion under 18 U.S.C. § 4205(g) is denied with prejudice; and

2. The Clerk will mail a copy of this Memorandum and Order to the Defendant at his last known address.

Dated this 3rd day of July 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge

---

[5] Article II, Section 2, of the United States Constitution provides that the executive power vested in the President includes "Power to grant Reprieves and Pardons for Offenses against the United States, except in Cases of Impeachment."