# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br><br>     vs.<br><br>CLARENCE BECKS,<br><br>                        Defendant. | 8:18CR81<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Defendant's "Motion for Reduction of Sentence Under Section 404 of the First Step Act," ECF No. 36. The Motion actually seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) as amended by Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018). For the following reasons, the Motion will be denied.

The Defendant pled guilty to Count I of the Indictment, charging him with distribution of five grams or more of actual methamphetamine. He was sentenced on September 25, 2018, to a term of 70 months incarceration, followed by four years of supervised release. His plea and sentence were pursuant to a Rule 11(c)(1)(C) plea agreement that provided the Defendant with several benefits: His stipulated sentence was 30 months below the low end of the Sentencing Guideline range, and the Government agreed to dismiss Count II of the Indictment which charged the Defendant with possession with intent to distribute five grams or more of actual methamphetamine, an offense also carrying statutory penalties of five to forty years' incarceration.

At the time of sentencing, the Presentence Investigation Report and Sentencing Recommendation both made clear the fact that the Defendant was disabled and suffered

from a variety of serious medical and mental health issues, including multiple sclerosis, diabetes, anxiety, and depression. Those conditions were taken into consideration by the Court when it accepted the parties' plea agreement and the stipulated sentence.

In Section 603 of the First Step Act, congress amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to move a sentencing court for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." The Defendant included with his Motion a "Response" issued by the Administrator of National Inmate Appeals, dated July 22, 2019, denying the Defendant's appeal of the denial of his request for a reduction in sentence ("RIS") under § 3582(c)(1)(A). See ECF No. 36 at Page ID 133-35. The Court concludes that the Defendant has exhausted his administrative remedies and his Motion is properly before the Court.

The power to reduce a defendant's term of imprisonment under § 3582(c)(1)(A) is framed as a discretionary power.[1] The exercise of such power, when not done at the initiation of the Executive Branch, is constitutionally suspect.[2] This Court need not decide the question of the constitutionality of Section 603's amendment to § 3582(c)(1)(A) in this case, however, because the Court would not exercise discretion to commute the Defendant's sentence if it had such discretion. The Defendant has served only a small

---

[1] Section 3582(c)(1)(A) provides that a court "may" reduce the term of imprisonment for extraordinary and compelling reasons.

[2] Article II, Section 2, of the United States Constitution provides that the executive power vested in the President includes "Power to grant Reprieves and Pardons for Offenses against the United States, except in Cases of Impeachment."

fraction of his sentence, which was a stipulated sentence and well below the applicable Guideline range. The Defendant's medical and mental health issues were well known at the time of sentencing and were considered by the Court, including the fact that his medical conditions such as multiple sclerosis were likely to be progressive. The reports on which the Bureau of Prisons' National Inmate Appeals Administrator relied demonstrate that the Defendant's multiple sclerosis is stable and that he can feed and dress himself, ambulate with a walker, and complete showering and toileting functions. See ECF No. 36 at Page ID 133. A commutation of the Defendant's sentence at this time would disregard the negotiated plea agreement and the parties' stipulated sentence, and would undermine 18 U.S.C. § 3553(a) sentencing factors, such as the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to avoid unwarranted sentencing disparities.

Accordingly,

IT IS ORDERED:

1. Defendant Clarence Becks's "Motion for Reduction of Sentence under Section 404 of the First Step Act," ECF No. 36, construed as a motion for compassionate release under Section 603 of the First Step Act and its amendment to 18 U.S.C. § 3582(c)(1)(A), is denied; and
2. The Clerk will mail a copy of this Memorandum and Order to the Defendant at his last known address.

Dated this 14th day of August 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge